ARCADIO ORTIZ HERNÁNDEZ, peticionario, *v.* CORTE DE DISTRITO DE ARECIBO, HON. R. AGRAÍT ALDEA, JUEZ, demandada.

Núm. 345.—*Sometido:* Enero 13, 1941. *Resuelto:* Febrero 19, 1941.

*Diego E. Ramos,* abogado del peticionario; el juez demandado compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La cuestión a resolver es la de si un juez de distrito en un caso en cobro de dinero seguido de acuerdo con la Ley Núm. 10 de 1921 (pág. 113) procedente de una corte municipal, está obligado a cumplir con la obligación que le impone el artículo 227 del Código de Enjuiciamiento Civil de hacer y archivar una opinión escrita al tiempo de dictar sentencia, y en caso de que se negare, si puede compelérsele por medio de *mandamus.*

De los autos resulta que Arcadio Ortiz Hernández presentó en la Corte Municipal de Arecibo una demanda "Sobre: Cobro de Dinero, Ley 10, 1921", contra Fermín V. Cachola, alegando que el demandado actuó como juez municipal en cierta causa que se siguió contra el demandante y se declaró sin jurisdicción en la misma por aparecer que el delito se había cometido en un distrito municipal que no era

el suyo, y que eso no obstante, ilegal, voluntaria y caprichosamente y con intención de privarle de su libertad lo detuvo en el salón de sesiones de la corte por espacio de cuarenta y cinco minutos, ocasionándole daños y perjuicios por valor de cien dólares.

Fué el caso en apelación a la Corte de Distrito de Arecibo celebrándose el juicio en octubre 31, 1940, y dictando el mismo día la corte su sentencia en los siguientes términos: "Vista la evidencia presentada en juicio, la corte declara sin lugar la demanda con las costas al demandante."

"Al día siguiente el demandante pidió a la corte que consignara los fundamentos de su fallo y la corte se negó. Insistió y obtuvo el mismo resultado. Presentó entonces esta petición de mandamus ante este tribunal. El auto fué expedido, celebrándose la vista el trece de enero último.

En su contestación el juez de distrito sostiene que el artículo 227 del Código de Enjuiciamiento Civil no rige para los casos especiales tramitados de acuerdo con la Ley Núm. 10 de 1921 (pág. 113) enmendada por la 34 de 1937 (pág. 162) y tiene razón a nuestro juicio.

Es cierto que el artículo 227 del Código de Enjuiciamiento Civil tal como quedó enmendado en 1925 (Ley Núm. 25 de 1925, pág. 179) se refiere al "juicio definitivo de cualquier caso en una corte de distrito" y que es posterior a la Ley Núm. 10 de 1921, pero interpretado a la luz de la razón se concluye que no fué el propósito del legislador al aprobarlo obstaculizar la rapidez que antes había impreso a las pequeñas reclamaciones que reguló por su ley de 1921, como necesariamente habría de suceder si para las mismas rigiera.

Todas las disposiciones que esa ley especial contiene, tienden a acelerar el procedimiento. Los términos se acortan y los juicios tanto en la corte municipal como en la de distrito no están sujetos a calendario, debiendo celebrarse el de la última ajustándose a los trámites de la ley especial, y por tanto dictarse la sentencia el mismo día, o al siguiente.

Además como de la sentencia que dicte en apelación la corte de distrito no hay apelación para ante esta Corte Suprema, el motivo principal que tuvo el legislador para exigir el archivo de la opinión, no existe.

Por supuesto que al decidir que no es obligatorio en casos de esta naturaleza el archivo de una opinión, no queremos inducir a la corte a que no la emita. Al contrario, creemos que debe hacerlo cuantas veces pueda, ya que la experiencia demuestra cuán beneficioso es para la causa de la justicia el que los jueces razonen siempre las sentencias que pronuncien.

*Se anula al auto expedido y se declara en definitiva sin lugar la solicitud.*